Per Curiam.

Petitioner contends that his sentence for rape was void on the ground that the mittimus failed to state that the female was under 12 years of age. Petitioner was indicted under the provisions of Section 2905.02, Revised Code, which reads as follows:
“No person shall have carnal knowledge of his daughter, sister, or a female person under twelve years of age, forcibly and against her will. Whoever violates this section shall be imprisoned for life.”
An examination of this section shows that where one is charged with rape of a daughter age is not a factor. Weaver v. Sacks, Warden, 173 Ohio St., 415, 418.
Petitioner’s second contention is that his right to counsel was never explained to him, nor was he offered counsel. However, the Attorney General introduced into evidence a certified *214 copy of the court’s journal which reads in part as follows:
“October 9, 1958: Now comes the prosecuting attorney on behalf of the state, and defendant George William Meadows was brought into court in custody of the sheriff, and was informed of his constitutional rights, and on being arraigned upon said indictment, for plea thereto saith he is guilty as charged.
“Thereupon, the court referred said defendant to the psychiatric clinic for examination and report, and he is remanded to county jail.................D. Lybarger, Judge.”
An examination of this journal indicates that petitioner’s rights were explained to him. These rights included the right to counsel. By his entry of a plea of guilty after such explanation he waived his right to counsel.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.